**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| SERGIO TOLON, | § | |
| *Plaintiff* | § | |
| | § | SA-23-CV-01249-XR |
| -vs- | § | |
| | § | |
| HOLLINGSWORTH LLC, | § | |
| *Defendant* | § | |
| | § | |
| | § | |

## <u>ORDER</u>

On this date, the Court considered Defendant Hollingsworth, LLC's motion to dismiss for failure to state a claim (ECF No. 6) and Plaintiff's response (ECF No. 8). After careful consideration, the Court **GRANTS** the motion.

## BACKGROUND[1]

Plaintiff Sergio Tolon, is Defendant Hollingsworth, LLC's former employee. ECF No. 1-1 ¶ 2. During his eight-year tenure with Defendant, Plaintiff alleges that he adhered to company policies and followed training "to complete Switcher Daily Log Sheets." *Id.* ¶ 7 Yet on March 23, 2023, Defendant terminated Plaintiff and "falsely accused [him] of 'Gross Misconduct." *Id.* In doing so, Defendant's HR manager, Blair Marceaux ("Marceaux"), allegedly disregarded company training policies and concocted cause to terminate Plaintiff. *Id.* Additionally, Defendant's manager, Priscilla Booker ("Booker"), claimed Plaintiff cheated Defendant for eight years "by simply performing his Switcher Log duties as he was trained." *Id.*

Plaintiff alleges that Marceaux, and Booker were collectively aware of the falsity of these statements. *Id.* ¶ 8. Regardless, Marceaux and Booker communicated these defamatory remarks,

---

[1] At this stage, the Court accepts the facts in Plaintiff's petition as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Thus, the Court here provides a recitation of the facts as pled in Plaintiff's petition.

and Defendant failed to prevent their publication or reprimand Marceaux and Booker. *Id.* ¶¶ 8–9. As a result, Plaintiff's reputation suffered harm, and his "office, profession, and occupation" were negatively impacted. *Id.* ¶ 9.

Plaintiff filed a petition alleging defamation *per se* against Defendant in the 45th Judicial District Court in Bexar County, Texas. ECF No. 1 at 1. Defendant removed the case to this Court on diversity jurisdiction grounds. *Id.* Subsequently, Defendant filed a motion to dismiss for failure to state a claim on October 10, 2023. ECF No. 6. Plaintiff filed a response on October 16, 2023. ECF No. 8.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct

allegations or permit properly drawn inferences to support every material point necessary to sustain recovery.") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

## ANALYSIS

To plead defamation under Texas law, a plaintiff must "show the defendant (1) published 'a false statement of fact to a third party,' (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases.'" *Parker v. Spotify, U.S.A., Inc.*, 569 F. Supp. 3d 519, 528 (W.D. Tex. 2021) (quoting *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)). Additionally, "Texas recognizes the common-law rule that defamation is either per se or per quod." *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018) (citing *Lipsky*, 460 S.W.3d at 596). Defamatory *per se* statements fall "within one of four categories: (1) imputation of a crime; (2) imputation of a loathsome disease; (3) injury to a person's office, business, profession, or calling; and (4) imputation of sexual misconduct." *Fiber Sys., Inc. v.*

*Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (quoting *Gray v. HEB Food Store No. 4*, 941 S.W.2d 327, 329 (Tex. App.—Corpus Christi 1997, writ denied)). If a defamatory statement does not lie within one of these categories, it is defamation *per quod*. *Lipsky*, 460 S.W.3d at 596 (citing *Hancock v. Variyam*, 400 S.W.3d 59, 64 (Tex. 2013)). Lastly, defamation may manifest as either oral or written—"that is, slander or libel." *Immanuel v. Cable News Network, Inc.*, 618 F. Supp. 3d 557, 562 (S.D. Tex. 2022) (first citing *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995); and then citing TEX. CIV. PRAC. & REM. CODE § 73.001).

Plaintiff alleges Defendant pronounced two defamatory *per se* statements. ECF No. 1-1 ¶ 7. First, Plaintiff contends Defendant, through its human resources representatives, "falsely accused [him] of 'Gross Misconduct' by falsifying reports or records." *Id.* Second, Plaintiff claims Booker condemned him for "cheating Hollingsworth, LLC for [eight] years." *Id.* Plaintiff proclaims Defendant's remarks were "both oral and written."[2] *Id.* Thereafter, Plaintiff asserts these statements were detrimental to his "office, profession[,] and occupation." *Id.* Finally, Plaintiff claims "these defamatory statements were made and published by Marceaux, Booker, and Hollingsworth" with disregard to the falsity of the statements. *Id.* ¶ 9.

As Defendant correctly identifies, Plaintiff's bare assertions neglect to plead publication to a third-party, which is a requisite element of a defamation action. *See* ECF No. 6 at 3 (citing *Salazar v. HEB Grocery Co., LP*, No. 04-16-00734, 2018 WL 1610942, at *3 (Tex. App.—San Antonio Apr. 4, 2018, pet. denied)); *see also Parker*, 569 F. Supp. 3d at 528. In opposition, Plaintiff advances that Defendant published the defamatory statements to its agents, Booker, Marceaux, and "another HR employee." ECF No. 8 at 4. The Court, however, cannot consider these supplemented facts because they are not set forth on the complaint's face. *See In re Enron*

---

[2] Plaintiff does not distinguish which statements were allegedly oral or written and relies on identical allegations for his slander *per se* and libel *per se* claims. ECF No 1-1 ¶ 7. As such, the Court analyzes the claims in tandem.

*Corp. Secs., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) ("[I]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." (quoting *In re Baker Hughes Sec. Litig.*, 136 F. Supp. 2d 630, 646 (S.D. Tex. 2001))); *contra In re Katrina Canal Breaches Litig.,* 495 F.3d. 191, 205 (5th Cir. 2007) (permitting documents attached to the plaintiff's complaint and central to the plaintiff's claim to be considered at the motion to dismiss stage).

But even if the Court were to infer the statements were published to Booker, Marceaux, and the HR employee, Plaintiff aims to hold Defendant responsible for defamatory remarks both expressed by and directed to company personnel during his termination meeting. ECF No. 8 at 4. These circular allegations cannot assert an actionable defamation claim. *See Lorfing v. Gerdau Ameristeel U.S., Inc.*, No. 3-16-cv-915-L, 2017 WL 9471835, at *3 (N.D. Tex. Jan. 26, 2017) (finding suit against an employer for "statements its human resources department allegedly 'ordered'" in a performance review insufficient to plead third-party publication), *report and recommendation adopted* 2017 WL 562142 (N.D. Tex. Feb. 13, 2017); *see also Lowery v. Allstate Cnty. Mut. Ins. Co.*, No. 3-06-cv-1886L, 2007 WL 123170, at *3–4 (N.D. Tex. Apr. 23, 2017) (dismissing a complaint because the statements uttered in a termination meeting were made to other employees, not third-parties). Accordingly, Plaintiff has failed to establish a requisite element of his claim, and the Court need not conduct further analysis. *See Twombly,* 550 U.S. at 569–70.

## CONCLUSION

For the foregoing reasons, Defendant Hollingsworth, LLC's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is hereby **GRANTED**, and Plaintiff's defamation *per se* claims against Defendant are **DISMISSED**. However, Plaintiff is

granted leave to file an amended complaint curing the deficiencies identified above, if possible.

Any amended complaint should be filed within fourteen (14) days of this order.

It is so **ORDERED**.

**SIGNED** this 7th day of November, 2023.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE